### KLAUDER–WELDON DYEING MACH. CO. v. GAGNON.

(Circuit Court of Appeals, Second Circuit. December 15, 1908.)

#### No. 109.

1. EVIDENCE (§ 122*)—RES GESTÆ.

Plaintiff, a blacksmith in defendant's employ, was called by a fellow servant to shrink a piston head, and was injured by the explosion thereof. Whether plaintiff did the heating by the direction of the defendant's general foreman was material and disputed. *Held*, that evidence that the fellow servant, who was killed by the explosion, stated, 10 minutes before it occurred, that the foreman told him only to let plaintiff heat the piston head cherry red, so as not to melt off the corners, etc., was hearsay, and inadmissible as res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 346; Dec. Dig. § 122.*]

2. APPEAL AND ERROR (§ 1050*)—ADMISSION OF EVIDENCE—HARMLESS ERROR.

Where evidence improperly admitted was of special value to plaintiff for a purpose other than that for which it was received, the error could not be regarded as harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4153; Dec. Dig. § 1050.*]

In Error to the Circuit Court of the United States for the Northern District of New York.

Duell, Warfield & Duell, for plaintiff in error.

Henry V. Borst, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NOYES Circuit Judge.   This was an action by an employé to recover damages from his employer for personal injuries, caused as alleged by the latter's negligence.   It was undisputed that while the plaintiff, who was a blacksmith in the defendant's manufacturing establishment, was heating a piston head upon a forge in order to shrink it upon a piston, the piston head exploded and seriously injured him; but it was a disputed and most material question whether the plaintiff was heating the piston head by the direction of the defendant's general foreman, Evenden.

The plaintiff testified that, while working in a different shop from the blacksmith's shop a fellow employé, one Spoor, came to him with the piston head and told him that he had "got to come right away and shrink that on"; that he went with Spoor into the blacksmith's shop, when the following conversation took place between them:

"He says: 'Sime, Jack Evenden told me not to let you heat it only cherry red, so as not to melt the corners off.'   I picked the piston up and put it on the forge, and I says: 'Jim, ain't you going to take those plugs out?'   He says: 'No, I have done it before.'   After that there wasn't much said."

This conversation took place some 10 minutes before the explosion occurred.   Spoor was killed by it.   The testimony in question was received over the defendant's objection, upon the ground that the conversation constituted part of the res gestæ.

The phrase "res gestæ" may be broadly defined as the circumstances which are the incidents of an act and which are illustrative of it.   Declarations are admissible under the res gestæ rule when they are a part of the immediate preparations for, or emanations of, an act.   When, upon a trial, an event is shown, it is competent also to show any accompanying declaration which is explanatory of it.   Now, the testimony in question was admitted upon the theory that the conversation was an incident connected with the explosion.   We think this ruling erroneous.   It seems to us that the conversation was altogether too remote and detached from the explosion—occurring some 10 minutes before it took place—to constitute such an incident.   Moreover, the unexpected explosion was hardly an act which such a preceding conversation could be said to illustrate or explain.   Certainly it could in no sense be said to be a part of the immediate preparations for, or emanations of, the act.

It is contended, however, that without this evidence it would have been impossible to explain how the piston head came to be placed in the hands of the plaintiff and upon the forge.   The impossibility of proving a case in any other way, however, is not always a reason why it may be proved in a particular way.   Moreover, in this case it appears that the plaintiff had received his instructions and had gone into the blacksmith's shop for the purpose of doing the work before the conversation in question occurred.   The evidence admitted without objection showed how the piston head came into the plaintiff's hands.

By the admission of this testimony the plaintiff was permitted to testify as to what Spoor told him Evenden—the defendant's general foreman—had said.   Had Spoor been alive, he could have testified to Evenden's statements.   But to permit the plaintiff to testify as to what

he said was to receive hearsay testimony; and obviously this hearsay testimony was not offered for the purpose of showing the incidents connected with the explosion, but for the purpose of showing that Evenden had given instructions that the plaintiff should heat the piston head—the most material question in the case. We think that the evidence should not have been received in the guise of res gestæ testimony.

The very fact that this testimony was of special value to the plaintiff for a purpose other than that for which it was received shows that the error in receiving it cannot be regarded as a harmless one. Undoubtedly there was other testimony in the plaintiff's case which, pieced together, would have warranted the jury in finding that Evenden gave instructions through Spoor that the plaintiff should heat the piston head. But Evenden denied that he gave any such instructions and claimed that he ordered the work done without heating. Anyway the question was a disputed and material one, and we cannot say that the admission of this persuasive testimony concerning Evenden's direction was not prejudicial to the defendant.

The judgment of the Circuit Court is reversed.